Wilson Motor Vehicle Operator License Case.

Argued April 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Elmer T. Bolla,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for Commonwealth, appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY JACOBS, J., June 22, 1971:

In this case, the Commonwealth appeals from an order of the court below reversing the action of the Sec-

retary of Revenue in assigning six points to appellee's driving record and ordering him to attend driver-improvement school under the provisions of §619.1 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 P.S. §619.1. The Commonwealth argues that the licensee has no right to appeal to the common pleas court from the imposition of points under §619.1.

Appellee was arrested, on August 1, 1969, in Bedford County, for exceeding the speed limit by 12 m.p.h. On August 22, 1969, he appeared before a justice of the peace in Bedford County and paid the fine and costs for this violation.[1] A report of the conviction was sent to the Secretary of Revenue who assigned six points to appellee's driving record as mandated by §619.1(b) of The Vehicle Code. The secretary also ordered him to attend driver-improvement school as mandated by §619.1 (f) of The Vehicle Code.

Rather than attend driver-improvement school, appellee appealed the order of the secretary to the court below. The Commonwealth moved to quash the appeal, but the lower court denied the motion and sustained the appeal.

In reversing the action of the secretary, the lower court held that: (1) an appeal lies from an improper assessment of points even if the total points assessed will not result in a suspension, and (2) because of the circumstances and misrepresentations underlying the conviction, relief should be granted.[2] The second hold-

---

[1] Payment of fine and costs constitutes an admission of conviction. See *Virnelson Motor Vehicle Operator License Case*, 212 Pa. Superior Ct. 359, 368, 243 A. 2d 464, 470 (1968); *Commonwealth v. Halteman*, 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960).

[2] Appellee contended, and the lower court found as a fact, that he had substantiation for his claim that the speeding occurred because of a malfunction of his speedometer. Furthermore, he tried to engage an attorney in Bedford County to represent him but no one would take his case. Finally, the justice of the peace told ap-

ing need not be considered since we find that the court below erred in allowing an appeal from an imposition of points not resulting in a suspension.

In order for a person to have a right of appeal from an order of the secretary, The Vehicle Code must provide for such an appeal. *Cf. Brennan's Case,* 344 Pa. 209, 25 A. 2d 155 (1942); *Ullman Motor Vehicle Operator License Case,* 204 Pa. Superior Ct. 145, 203 A. 2d 386 (1964). At present, the only portion of The Vehicle Code relating to appeals is contained in §620. That section provides, *inter alia,* that "[a]ny person whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition . . . for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides. . . ." Thus, a person can appeal from a suspension or a denial of the privilege of applying for a license. No right is given to appeal from an imposition of points. Since there is no statutory authority for appealing an imposition of points, the lower court erred in not quashing the instant appeal.[3]

---

pellee that it would be best just to pay the fine since he would be found guilty anyway and, if anything came of it, he could probably appeal the violation in his home county. Thus, the court concluded that appellee ". . . has been effectively denied recognized judicial procedures."

[3] It might be noted that even if such an appeal did lie, the scope of the lower court's review would be limited. *Virnelson,* supra, held that because of the mandatory duty imposed on the secretary by §619.1 to assign points and suspend a license when a certain number of points are reached, the court's review of the secretary's action was limited to determining if (1) there was a conviction, and (2) the points are properly assigned. The lower court cannot consider whether there should have been a conviction. Likewise, if an appeal were allowed in the instant case, the review

The court below felt that a denial of relief would deny the licensee his day in court; however, as noted in *Nyman Motor Vehicle Operator License Case,* 218 Pa. Superior Ct. 221, 275 A. 2d 836 (1971), "[t]he law provides an orderly procedure for attacking summary convictions." Appellee could have appealed his conviction directly to the Bedford County Court of Common Pleas. Also, if and when his license is suspended, he may then appeal to the lower court and show that he was not convicted or that the points were improperly assigned.

The order of the court below is reversed and the order of the secretary is reinstated.

CERCONE, J., concurs in the result.

---

would be limited to whether there was a conviction and not whether there should have been a conviction, because the assignment of points involves a non-discretionary act on the part of the secretary.