## Commonwealth v. Peachey

*Lester H. Zimmerman, Jr.,* for appellant.
*Horace J. Culbertson,* for Commonwealth.

ZIEGLER, P. J., October 31; 1972.—This matter comes before the court on:

1. Appeal from charge of three points by the secretary against record of appellant and from request that he appear for special examination to be given by the Pennsylvania State Police, both in accordance with section 619.1 of The Vehicle Code (hereinafter called "code"), of April 29, 1959, P. L. 58, as amended, 75 PS §619.1; and

2. Commonwealth's motion to quash appellant's appeal.

Section 619.1 provides, in part, as follows:

"(a) In addition to the powers and duties of revocation and suspension conferred upon the secretary under sections 616, 617, 618 and 619 of this act, he shall administer a system for driver education, testing and suspension as hereinafter provided.

"(b) The secretary shall maintain a record of convictions of every person licensed under the provisions of section 601 of this act, and shall enter therein records of all convictions of such persons for any violation of the motor vehicle laws of this Commonwealth and shall assign to the record of such person as of the date of conviction of the offense, a number of points for each such conviction in accordance with the following schedule of convictions and points.

"(f) When any person's record for the first time shows as many as six (6) points, the secretary shall require such person to undergo a special examination as provided for in section 608(g) of this act, or require such person to attend an approved driver improvement school, or require such person to attend a clinic, or any combination of the foregoing and shall so notify the person in writing.

"(i) When any person's record shows an accumulation of eleven (11) points or more, the secretary shall suspend such person's operator's license or learner's permit."

Article V, sec. 9, of the Commonwealth's Constitution approved April 23, 1968, provides as follows:

"There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law."

After submission of secretary's record of appellant's convictions and hearing testimony of appellant, we make the following

## FINDINGS OF FACT

1. Appellant is James Lloyd Peachey, resides in the Township of Union, Mifflin County, Pa., has post office address of Box 5846, Belleville, Pa. 17004, and is 44 years of age.

2. On July 23, 1971, appellant was served a citation in the Township of Wayne in said county charging him with violation of section 1002(b)(6) of the code.

3. Said citation specified a fine of $10 and costs of $5 and designated Arthur C. Potter as the justice of the peace.

4. Said citation provided, in part, as follows:

"INSTRUCTIONS FOR REPONSE BY MAIL

"If you intend to respond by mail:

"1. Detach this portion of the citation at the perforated line.

"2. Sign on the appropriate line:

"a. I plead not guilty _____
                                                                signature

"b. I plead guilty _____
                                                        signature

"3. a. If you plead not guilty, your check or money order should be in the amount of the fine and costs specified in the citation. . . . This money will be held as security for your appearance at trial. You will be notified by mail of your date for trial . . .

"4. Your check or money order should be made payable to the Justice of the Peace named in the citation.

"5. Place this portion of the citation and your

check or money order in an envelope and mail to the Justice of the Peace named in the citation."

5. On or about July 31, 1971, appellant signed line 2a of instructions, partially set forth in finding of fact no. 4 hereof indicating a plea of not guilty, and mailed same together with a check for $15 to said justice of the peace by certified mail, return receipt requested.

6. Said plea and check were received by said justice of the peace on or about August 21, 1971.

7. Said justice of the peace inadvertently reported guilty plea to the Commonwealth.

8. On December 10, 1971, appellant received notice from the secretary notifying him that his record had been charged with three points as a result of his conviction on August 21, 1971, of said charge without his ever having had a hearing on said charge and requesting that he appear for special examination.

9. After hearing on appeal, we suggested to said justice of the peace by letter of March 27, 1972, that he afford appellant a hearing on said charge.

10. By letter of April 21, 1972, said justice of the peace advised us that hearing was held on April 21, 1972, and that appellant was found guilty as charged.

11. On May 1, 1972, on petition of appellant, we allowed a writ of certiorari to August term, 1972, no. 6, which is still pending.

12. To avoid circuity of proceedings, we delayed decision of this matter pending disposal of said writ of certiorari.

13. In our monthly reports to the Court Administrator of Pennsylvania pursuant to Pennsylvania Rule for Judicial Administration no. 703, we advised:

"Disposition of pending Certiorari Proceeding on underlying summary conviction may render appeal moot.

14. The Court Administrator and the Chief Justice

of the Supreme Court of Pennsylvania did not accept our reason for delay but insisted that we decide the matter.

## ISSUES

The Commonwealth contends:

1. That, in reliance upon Wilson Motor Vehicle Operator License Case, 218 Pa. Superior Ct. 309, 280 A. 2d 820 (1971), no appeal lies from assignment of points to an operator's record by the secretary.

2. That, in reliance upon Wilson Motor Vehicle Operator License Case, supra, in order for a person to have a right of appeal from an order of the secretary, the code must provide for such an appeal.

3. That article V, sec. 9, of the Commonwealth's Constitution, provides only for an appeal from a "decision" of an administrative agency to a court of record.

4. That appellant is estopped to deny that he pleaded guilty by remitting $15 to the justice of the peace before whom the underlying charge was laid.

Appellant contends:

1. That, absence of provision for appeal with respect to assignment of points to the contrary notwithstanding, article V, sec. 9, provides a right of appeal from an administrative agency to a court of record.

2. That due process of law requires allowance of an appeal in this case.

We perceive two other issues here as follows:

1. Is not one entitled to same limited review of the secretary's action in assignment of points under section 619.1 of the Vehicle Code to which he is entitled as to a suspension thereunder; i.e., limitation to determining if (1) there was a conviction, and (2) the points were properly assigned.

2. Does not paragraph (f) of said section 619.1

grant discretion to the secretary: (1) to require person to undergo special examination; (2) to require person to attend school; or (3) to require a person to attend a clinic or (4) any combination thereof and is not the exercise of such discretion reviewable.

## CHRONOLOGY

1. On March 23, 1942, the Supreme Court held in Brennan's Case, 344 Pa. 209, 25 A. 2d 155 (1942), that revocation by the secretary, pursuant to section 616 of The Vehicle Code, upon conviction of one of misdemeanors therein enumerated is mandatory and that there is no appeal therefrom for reason that the code does not provide for an appeal.

2. On January 24, 1966, the legislature amended the code by adding section 619.1, supra.

3. On April 23, 1968, Pennsylvania's Constitution was adopted containing article V, sec. 9, supra, providing, inter alia, a right of appeal from an administrative agency.

4. On June 13, 1968, the Superior Court held in Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968): (1) That suspension pursuant to said section 619.1 is mandatory upon the secretary; (2) that there is right of appeal to court of common pleas from such a suspension; and (3) that scope of review on such appeal is limited to determining (a) whether or not there was a conviction and (b) whether computation of points was correct.

5. On April 16, 1971, the Superior Court held in Wilson Motor Vehicle Operator License Case, 218 Pa. Superior Ct. 309, 280 A. 2d 820 (1971), where Wilson paid his fine and costs in a speeding charge and the secretary assigned six points to Wilson's record and ordered Wilson to attend driver improvement

school, that (1) per Brennan, supra, there is no right of appeal from an order of the secretary unless the code provides for such an appeal, and (2) there is no right of appeal from an imposition of points since there is no statutory authority therefor.

6. On December 13, 1971, the Commonwealth Court held in Department of Transportation v. Hosek, Jr., 3 Comm. Ct. 580, 284 A. 2d 524 (1971), where Hosek had been convicted of operating under the influence and the secretary revoked Hosek's operating privilege under section 616 of The Vehicle Code, that article V, sec. 9, changed the code and the rule of Brennan's Case, supra, and provided for an appeal from revocation by the secretary.

## DISCUSSION

In the Wilson Case, supra, the constitutional aspect on which Hosek case turned must not have been advanced. Had it been advanced the Superior Court would not have needed to go as far as it did in holding that there is no right of appeal from an imposition of points. It could have made the same distinction as to scope of review of suspensions under section 618 of the code and section 619.1 as it made in Virnelson Case, i.e., limited review under the latter.* In Wilson Case, Wilson had paid his fine and costs to the Justice of the Peace. By his appeal, he sought

---

* On March 23, 1971, which was less than one month before the Wilson Case was decided, the Superior Court decided a similar case applying Virnelson rule without holding that there is no appeal from assessment of points. In reversing, the Superior Court stated "the court below permitted" licensee "to show that there *should have been* no second conviction, not that there *was no* second conviction." See Nyman Motor Vehicle Operator License Case, 218 Pa. Superior Ct. 221, 275 A. 2d 836 (1971). (Italics supplied.)

reversal of the secretary's suspension by contending that he should not have been convicted. Such contention went beyond the Virnelson scope of review and should have been dismissed on that ground. Here, the facts present a perfect case for a limited Virnelson review. Appellant was not convicted, but the secretary was inadvertently advised that appellant had been convicted. Therefore, points were improperly assigned to appellant.

Not only do we believe that the Superior Court did not need to go as far as it did in the Wilson Case, but we also believe that it went further than it intended to go. There, it is apparent that the Superior Court considered limited review for the third footnote recited:

"It might be noted that even if such an appeal would lie, the scope of the lower court's review would be limited."

The footnote then cited Virnelson Case and described the limited review prescribed by that decision.

In not following Wilson Case, we are construing its holding as circumscribed by the facts of that case with conviction that the Superior Court would not reach the same decision on the facts in this case either (1) because of difference of facts, or (2) because of constitutional argument raised in this case and lacking from that case.

Appellant has cited two lower court cases decided before Wilson Case. In Iscovitz License, 43 D. & C. 2d 148 (1967), the Court of Common Pleas of Luzerne County sustained an appeal. However, it appears that Wilson Case overrules it, since in both cases appellants sought to establish that *they should not have been convicted.* In Hiland License, 49 D. & C. 2d 641 (1970), Hiland contended *that he had not been convicted,* and the court, in dismissing the Common-

wealth's motion to quash the appeal, reasoned as we do as follows:

"If there has been no conviction, there should be no assignment of points and the driver should not be required to take a driver-improvement course. Our reading of The Vehicle Code and of Virnelson does not convince us that a driver must wait until his license is actually suspended before he asks for a judicial review of the secretary's actions. Obviously, months or years might intervene between an erroneous assessment of points and the further accumulation which would bring on suspension. When memory has dimmed, personal records have been lost and witnesses scattered, it is cold comfort to be told that the time has now arrived to attack a bureaucratic blunder. We believe requiring the secretary to establish in court the basis for a point assignment and a school order poses little hardship when compared to the potential consequences if a mistake has been made. To us, this is a matter of fundamental fairness and due process."

Without attempting to answer the Commonwealth's contention that the assessment of points being mandatory upon the secretary does not constitute a "decision" from which an appeal lies, we suggest that by section 619.1 of The Vehicle Code the legislature delegated additional authority to the secretary involving function of "decision." We refer to authority by paragraph (f): (1) to require licensee to undergo special examination; (2) to require licensee to attend school; (3) to require licensee to attend a clinic; or (4) any combination thereof. His exercise thereof involved discretionary rather than mandatory function and constituted "decision" from which right of appeal is provided by Article 5, §9 of the Pennsylvania Constitution.

Since we have found by finding of fact no. 5 that appellant entered a plea of not guilty to underlying charge, and since instructions set forth in finding of fact no. 4 required submission with a not guilty plea of sum equivalent to fine and costs as security for appearance at hearing, we do not agree that appellant was estopped to deny that he pleaded guilty or that remission of such sum constituted a plea of guilty or a conviction.

## ORDER

Now, October 31, 1972, Commonwealth's motion to quash appeal having followed hearing, same is dismissed and appeal is sustained. Appellant shall pay the costs of this proceeding. Exceptions are noted to Lester H. Zimmerman, Jr., Esquire, attorney for appellant, and to Horace J. Culbertson, Esquire, attorney for the Commonwealth.