**Commonwealth v. Estes**

*Alfred F. Shea,* for appellant.

*Maurice Levin,* for Commonwealth.

MONROE, J., November 21, 1973.—This is an appeal from the order of the Secretary of Transportation suspending appellant's operating privileges, under section 619.1 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §619.1. The matter was before the undersigned on a prior occasion, but was dismissed as premature inasmuch as the appellant's driving privilege had not yet been suspended. A hearing de novo having been held herein on June 4, 1973, we make the following

## FINDINGS OF FACT

1. On July 18, 1968, at or around 12:30 a. m., appellant was clocked for speeding while operating his vehicle on Route 95 in Philadelphia.

2. Upon being stopped, the arresting police officer issued to appellant a "Traffic Violation Information" which stated on its face that appellant had violated section "1002 B 9" of The Vehicle Code by "speeding" in a "posted speed zone" at a rate of "78 MPH in a 68 MPH Zone."[1]

---

[1] Section 1002(b)(9) provides as follows:

"(b) Subject to the provisions of subsection (a) of this section, speeds in excess of the maximum limits hereinafter provided shall be unlawful:

". . .

"(9) Subject to the provisions of subsection (c) of this section, the Secretary of Highways may, after due investigation, establish certain speed zones with a sixty (60) mile an hour speed limit on State highways outside of business and residence districts, where traffic conditions of the highway make it safe to operate motor vehicles at the maximum speed provided by this clause."

"The use of the capital letter 'B' instead of the lower case (b) in referring to a violation of Section 1002 is not a fatal error to the Commonwealth's case": Commonwealth v. Thomas, 4 Chester 139 (1949).

3. Upon examining the information which the officer had given him, appellant did not notice the reference to the code section "1002 B 9" but observed "the figures 78 and 68" and was "quite amazed" thereby. The numbers did not make sense to him and he realized that he was 10 miles over the speed limit and did not believe that he would get a license suspension therefor.

4. On July 24, 1968, appellant voluntarily paid a fine of $10 to the Philadelphia Traffic Court. Hearing was not held on the violation.

5. At the time that appellant paid the fine, he was not acquainted with section 1002(b)(9) of The Vehicle Code nor had he made any attempt to inform himself about the subject.

6. In his report of disposition of this case, filed with the Secretary of Transportation, the magistrate to whom appellant had paid the fine reported that the violation was for speeding in a posted speed zone, a violation of section 1002 B 9, "lawful speed 60 clocked speed 78" and that appellant waived a hearing, paid fine and costs. The report does not state that the appellant pleaded guilty or that he was found guilty or found not guilty.

7. By official notice dated December 17, 1968, the secretary assigned six points to appellant's record and ordered him to attend a driver improvement school. Defendant appealed therefrom to this court which, by order dated September 11, 1972, dismissed the appeal on the ground that appellant's driving privileges had not yet been suspended, and on September 29, 1972, the secretary reissued the order.

8. By official notice dated February 5, 1973, received February 8, 1973, the secretary suspended appellant's operating license for 15 days and reduced

his point total to five on account of satisfactory completion of the driver training course.[2]

## DISCUSSION

In a case such as this, the burden is upon the Commonwealth to produce the records of conviction received by the Department of Transportation from the district justices or magistrates and courts of record in the proper form, and the Secretary of Transportation's records compiled therefrom, which justified the suspension. If these documents show that the suspension was given in accordance with the mandate of section 619.1 of The Vehicle Code, the Commonwealth has produced a prima facie case for suspension. If defendant wishes, he may then proceed to prove by the preponderance of the evidence that he was not convicted or that the records or computations of the secretary are incorrect. He may not go into the facts of his violation or mitigating circumstances thereof because the issue is whether he was convicted and not whether he should have been convicted: Schaefer, Jr. v. Commonwealth, 8 Comm. Ct. 539 (1973), at page 543; Commonwealth v. James, 6 Comm. Ct. 493 (1972). Here, the Commonweath has placed in evidence the appropriate records to sustain its prima facie case. This is so even though the report of disposition of the case forwarded by the magistrate to the Secretary of Transportation does not show a plea of guilty or a finding of guilt, as the payment of the fine and costs constitutes an admission of conviction.

[2] Section 619.1 of The Vehicle Code, 75 PS §619.1, directs that upon the conviction of an operator of a motor vehicle for a violation of section 1002(b)(9) by a speed of 16 to 20 miles in excess of the lawful speed limit his driving record shall be assigned six points and his license suspended for 15 days.

See Wilson Motor Vehicle Operator License Case, 218 Pa. Superior Ct. 309 (1971); Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359 (1968); Commonwealth v. Halteman, 192 Pa. Superior Ct. 379 (1960); Commonwealth v. James, 6 Comm. Ct. 493, 496 (1972).

The traffic violation information issued to appellant by the arresting officer at the time of the alleged offense is in evidence as a part of paragraph 5 of appellant's petition on this appeal, the averments of which said paragraph were admitted by the Commonwealth at the time of the hearing herein. That shows upon its face an apparent repugnancy, i.e., that the alleged violation was speeding at 78 MPH in a 68-mile zone and a violation of section 1002(b)(9) of The Vehicle Code, which section authorized the secretary to establish speed limit zones of 60 MPH. We know of no areas where the secretary has established a speed limit zone of 68 MPH, but it does not follow that he has not done so and that the area in which appellant was clocked was not such a zone. Section 1002(b)(8) authorizes the secretary, after due investigation, to "establish any speed limit on State highways where traffic conditions or other conditions of the highway make it safe to operate motor vehicles at the speeds other than as provided by [The Vehicle Code]."

There is no evidence of record before us as to what, in fact, the speed limit was in the area in which appellant was clocked. Therefore, the apparent repugnancy in the traffic violation information, which could only be resolved by evidence outside of the information and outside of the present record, remains. The purpose of an information, as with a criminal complaint or citation, is to give a defendant fair and reasonable notice of the violation supposedly com-

mitted. See Commonwealth v. Olson, 20 D. & C. 2d 709 (1959). The herein information fails its purpose.

It cannot be convincingly argued that the citation of section 1002(b)(9) in the traffic violation information is controlling as to the offense charged. At the time of this alleged offense, Rule 104 of the Pennsylvania Rules of Criminal Procedure required that "Every complaint shall be substantially in the form set forth in Rule 105 and shall contain: . . . (6) . . . a summary of the facts sufficient to advise the defendant of the nature of the offense charged, but neither the evidence nor the statute allegedly violated need be cited in the complaint, nor shall a citation of the statute allegedly violated, by itself, be a sufficient compliance with this sub-section."[3]

This rule indicates that the recitation of the statute allegedly violated is surplusage in the complaint or information and that the factual situation related is controlling. To what then did appellant plead guilty? And, there having been no hearing before the magistrate in connection with the violation by what authority did he make the election or determination that the section of the code violated was, in fact, section 1002(b)(9)? We are of the opinion that appellant by his evidence has overcome the prima facie case of the Commonwealth tending to establish the conviction of appellant for a violation of section 1002(b)(9).

## ORDER

And now, November 21, 1973, the within appeal is

---

[3] The provision of subsection (e) of section 1002 of The Vehicle Code, requiring every information charging a violation of section 1002 to contain a statement of that section and the subsection violated and the speed at which defendant is alleged to have driven, was suspended by the rule quoted. See Act of July 11, 1957, P. L. 819, sec. 1, 17 PS §2084.

336

sustained and the order of the Secretary of Transportation dated September 29, 1972, assigning six points to appellant's driving record and the order of the secretary dated February 5, 1973, suspending appellant's operator license for a period of 15 days, are vacated.