William G. Ross, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued February 8, 1979, before Judges WILKIN-
SON, JR., MENCER and CRAIG, sitting as a panel of three.

*Richard E. Santee, Jr.,* with him *Sigmon & Ross,*
P.C., for appellant.

*Harold H. Cramer,* Assistant Attorney General,
with him *Regis J. McCoy,* Assistant Attorney General,
*Robert W. Cunliffe,* Deputy Attorney General, and
*Gerald Gornish,* Acting Attorney General, for appel-
lee.

OPINION BY JUDGE WILKINSON, JR., March 22, 1979:

This is an appeal from an order of the Court of
Common Pleas of Northampton County dismissing
defendant-appellant's motion to set aside an assess-
ment of points made by the Secretary of Transporta-
tion (Secretary) and granting the appellee-Common-
wealth's motion to quash. We affirm.

Appellant was arrested on February 1, 1977 for
speeding. On April 21, 1977, appellant received noti-
fication from the Secretary of the assessment of three
points pursuant to a conviction for speeding entered

March 31, 1977.[1]  Appellant's next action was the filing of a petition to set aside the point assessment. By order dated September 20, 1977, the lower court dismissed the petition, holding that it lacked jurisdiction to review an assessment of points absent a suspension or revocation of operating privileges.

The law in this Commonwealth on the question presented by this appeal is well settled.  Absent a specific provision in The Vehicle Code,[2] no appeal from an assessment of points will be entertained.  This narrow issue has been examined in some detail by the Court in *Department of Transportation v. Wagner*, 17 Pa. Commonwealth Ct. 26, 330 A.2d 867 (1975) making any further discussion purposeless.

Appellant strenuously asserts that an assessment of points without any provision for appeal is violative of his right to due process.  We have carefully considered the United States Supreme Court's recent decision in *Dixon v. Love*, 431 U.S. 105 (1977) and the various federal cases cited in appellant's brief, and we conclude that nothing contained in the offered authority casts any doubts on the continued viability of our holding in *Wagner, supra.*

Accordingly, we will enter the following

ORDER

AND NOW, March 22, 1979, the order of the Court of Common Pleas of Northampton County at No. 336 April Term, 1977, dated September 20, 1977, is hereby affirmed.

---

[1] Appellant, a lawyer, had made a timely request for a hearing pursuant to which a date was set. According to appellant, he requested a continuance because of pretrial commitments elsewhere on the scheduled date, but no further communication from the magistrate concerning his case was received; thus the Secretary's notice of point assessment was the first appellant knew of his conviction.

[2] 75 Pa. C.S. §101 et seq., *formerly* 75 P.S. §101 et seq., repealed by the Act of June 17, 1976, P.L. 162.