Jeremiah Walthour, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs April 6, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Samuel F. Pepper,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, April 28, 1983:

In *Pratt v. Department of Transportation,* 62 Pa. Commonwealth Ct. 55, 57, n. 1, 434 A.2d 918, 919, n. 1 (1981), we noted, but did not there have to decide, the question of whether or not extreme intoxication could be a lawful justification for a motorist's failure to submit to an alcohol test.

The present case now squarely presents that issue for decision. Here, appellant Walthour, arrested for driving while under the influence of alcoholic beverages, refused or failed to submit to a breathalyzer alcohol test when a police officer, with proper warnings, requested that he do so. Upon the evidence, Judge GAFNI, in the Court of Common Pleas of Philadelphia County, was satisfied that Walthour's refusal to take the test "was not knowing or conscious by reason of his intoxication." However, Judge GAFNI, concluding that lack of capacity to submit to a breathalyzer test by reason of voluntary intoxication could not constitute a defense to the statutory duty, upheld the operator's license suspension.

The sole issue is:

Where a motorist's voluntary intoxication has rendered the motorist incapable of submitting

to a breathalyzer test, does that condition excuse the motorist's failure to comply with his statutory duty to submit to the alcohol test?[1]

The question itself points to the answer. Where a driver has consumed alcoholic beverages sufficient to make him mentally or physically incapable of assenting to, or participating in, the alcohol test, that failure obviously stems directly from the driver's voluntary decision to imbibe alcohol. The fact that the driver did not knowingly or consciously fail to take the test, at the juncture of the request, is not determinative; the prospective loss of mental and physical capacity was a foreseeable consequence when the driver undertook consumption of the intoxicant.

Here the motorist—and no one else—knowingly and consciously created his own inability to comply, just as definitely as if he had clapped his hand over his mouth as a barrier to taking the breathalyzer test when offered. See *Brinkerhoff v. Department of Transportation*, 59 Pa. Commonwealth Ct. 419, 430 A.2d 338 (1981) and *Bureau of Traffic Safety v. Jones*, 38 Pa. Commonwealth Ct. 400, 395 A.2d 592 (1978), two cases in which we held that the failure to supply breath to the testing apparatus constituted noncompliance.

Judge GAFNI's opinion, correctly noting the absence of any previous resolution of precisely this issue by Pennsylvania courts, presented a useful compendium of decisions in which the courts of other states have reached the same conclusion we reach here.

There is no merit in the appellant's contention concerning Judge GAFNI's alternative reference to 18 Pa. C. S. §308, the Crimes Code section which provides that voluntary intoxication is not a defense to a criminal charge; the legislative analogy is illuminating, even though we recognize, as did Judge GAFNI, that the

---

[1] 75 Pa. C. S. §1547.

56

license suspension proceeding is essentially civil in nature.

Nor can we place any stock in the argument that Walthour's subsequent plea of guilty to the charge of driving under the influence somehow retroactively renders the alcohol test unnecessary and therefore excuses compliance with it. We have definitely held that "nothing in the law provides that the statutory duty is excused by an admission or guilty plea." *Department of Transportation v. Pedick,* 44 Pa. Commonwealth Ct. 44, 47, 403 A.2d 181, 182 (1979).

The order is affirmed.

ORDER

Now, April 28, 1983, the order of the Court of Common Pleas of Philadelphia County, dated May 20, 1982, is affirmed.