## Commonwealth v. Kio

*Francis P. Bach,* for Commonwealth.
*Jack E. Reagle,* for defendant.

FINK, *P.J.*, April 30, 1984 — Defendant, John Paul Kio, appeals from a suspension of his operating privileges to drive in Pennsylvania for a period of one year, based upon his refusal to submit to a blood test to determine the percent by weight of alcohol in his blood. The facts basically are as follows:

1. Defendant, having just undergone an emotional trauma concerning a "matter of the heart" sought to relieve the pain therefrom by consump-

tion of a number of beers, plus three-quarters of a one-fifth of Southern Comfort liquor.

2. The police officer of and for the Borough of Coudersport found defendant seated in his vehicle, behind the steering wheel, passed out, the car in the wrong lane of traffic, with lights on and motor going.

3. The police officer awakened defendant, asked him to step out of the car, asked him if there was anything wrong, had noted on the ground some vomit with blood contained therein. The officer further asked defendant, once out of the car, to submit to a field sobriety test, which resulted in defendant nearly falling on three occasions.

4. The officer then helped defendant back to the patrol car, at which time defendant got his arm loose and swung at the officer, the blow missing its target. The officer swung back, and did not miss, which ultimately resulted in a week-long black eye being sported by defendant.

5. Defendant has no memory of anything that occurred between the time he was struck and the time he was taken to the District Magistrate's Office (the time at the hospital).

6. After defendant was struck by the officer, he was handcuffed and taken to the hospital, which was a few moments away from the scene.

7. Immediately prior to being taken to the hospital, defendant was asked by the officer if he would submit to a blood test, and defendant indicated to the officer that he would do so. There was no breathalyzer available in the county at the time.

8. At the hospital, defendant was given two forms to sign, one of which was a Waiver of Rights Form and the other was a form authorizing the hospital to extract blood from him for the purpose of conducting the test for alcohol.

9. When given the latter form, defendant asked the officer, "Who pays for the test?" The officer essentially then informed defendant what the officer had been told by his department concerning payment for the tests, viz., if the results of the test indicate that the defendant was not legally intoxicated, the borough would pay for the test, otherwise the costs of the test would be assessed as court costs, which would ultimately be borne by defendant.

The law in Pennsylvania is clear as to the issue of whether or not defendant was operating a vehicle on the highways of the Commonwealth. He was in a car which was on the highway, with the motor running, and this has been held to be sufficient as to a determination of "operating a vehicle on the highways". Likewise we are not concerned about the state of intoxication of the defendant as it relates to a possible defense concerning his possible inability to comprehend his options. The State has cited the case of Walthour v. Commonwealth of Pennsylvania, Department of Transportation, 458 A.2d 1066. We would understand that the Commonwealth Court held in that case that the motorist's voluntary intoxication rendered the motorist *incapable of submitting* to a breathalyzer test. The capability of submitting to a breathalyzer test is not here the issue. Our failure to have concern as to this issue comes from the factual finding of this Court that although defendant is unable to recall at date of hearing, he was in fact in control of his senses, and had the degree of mentality to understand his options as given to him by the police officer. The police officer twice informed him that if he did not take the test, he would lose his operating privileges for one year. The first occasion was at the scene, and the second occasion was at the hospital.

This court, however, does have grave concern over the response to the defendant's appropriate question, who is going to pay for the test. Any person who is called upon to pay any bill at any hospital in America, this day and age, has sufficient cause for concern. In the first place, the police officer should have informed defendant as to the approximate fee that was going to be charged for conducting the test. The current experience as to hospital bills incurred by anyone, is minimally outrageous, and closer to confiscatory. Defendant might well have thought that it was a matter of many hundreds of dollars which he was committing himself to pay by signing the document. Furthermore, this court is not aware of any statutory authority concerning a determination of who pays the cost, depending on the outcome of the test.

This court has sufficient concern as to the last matter discussed that it feels compelled to sustain the defendant's appeal, and reverse the suspension by the Department of Transportation of defendant's operating privileges.

Thus the following

## ORDER OF COURT

And now, April 30, 1984, pursuant to hearing and opinion, the suspension of defendant's operating privileges is hereby reversed, and his appeal is sustained.