522 A.2d 1204

Janice Anne Ascolese, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued November 19, 1986, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Joseph M. Devecka,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE COLINS, March 25, 1987:

Janice Anne Ascolese (appellant) appeals from an order of the Court of Common Pleas of Centre County (trial court) which, after conducting a *de novo* hearing,

affirmed the suspension of appellant's motor vehicle operating privileges. The Pennsylvania Department of Transportation (DOT) suspended appellant's license for refusing to submit to a chemical analysis of her breath pursuant to Section 1547(b) of the Vehicle Code (Code).[1] For the reasons advanced herein, we affirm.

Our review of this case indicates that appellant was arrested on April 22, 1984, upon the charge of driving while intoxicated. Following her arrest, appellant was transported to the State College Bureau of Police Officers, so that the police officers could administer a chemial analysis of her breath. Appellant refused to submit to the breath test and her license was suspended as a matter of course.

These facts indicate that the requirements of Section 1547(b) of the Code had been met and that appellant's license was properly suspended.[2] Appellant, however, argues that her voluntary intoxication prevented her from knowingly and consciously refusing a chemical test. She asserts that since she was incapable of refusing the chemical test, her license was improperly suspended.

---

[1] 75 Pa. C. S. §1547(b).

[2] In order to suspend appellant's driver's license pursuant to 75 Pa. C. S. §1547(b), the Commonwealth must prove that the driver:

(1) was placed under arrest for driving while under the influence of alcohol and that the arresting officer had reasonable grounds to believe that the operator was driving while under the influence of alcohol;

(2) was requested by the officer to submit to a breathalyzer test;

(3) refused to do so; and

(4) was warned by the officer that the department would suspend driving privileges if the driver refused to take the test.

See *Department of Transportation, Bureau of Traffic Safety v. Gordon,* 95 Pa. Commonwealth Ct. 546, 548 n.2, 505 A.2d 1125, 1126 n.2 (1986).

This is the same argument appellant raised before the trial court. In that instance, the trial court ruled that this precise issue had been decided in DOT's favor in *Walthour v. Department of Transportation,* 74 Pa. Commonwealth Ct. 53, 458 A.2d 1066 (1983).

In her appeal to this Court, appellant requests that we reverse *Walthour* and remand to the trial court to determine whether, due to her intoxication, she lacked the capacity to knowingly refuse. We shall deny appellant's request and affirm the order of the trial court. In doing so, we, as a Court en banc, state that voluntary intoxication may not serve as a defense in a license suspension procedure based upon refusal to submit to statutorily prescribed testing for blood alcohol content. *See also Department of Transportation, Bureau of Traffic Safety v. Mumma,* 79 Pa. Commonwealth Ct. 108, 468 A.2d 891 (1983).

Accordingly, the order of the Court of Common Pleas of Centre County is affirmed.

## ORDER

AND NOW, this 25th day of March, 1987, the order of the Court of Common Pleas of Centre County, in the above-captioned matter, is hereby affirmed.