571 A.2d 562

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Denis A. LELLO, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 19, 1990.

Decided March 19, 1990.

David R. White, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellant.

Sandor Yelen, Wilkes Barre, with him, Philip T. Medico, Jr., for appellee.

Before DOYLE and McGINLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

This is an appeal of the Department of Transportation, Bureau of Driver Licensing (DOT) from an order of the Court of Common Pleas of Luzerne County (trial court) overturning DOT's order suspending the operating privileges of Denis A. Lello (Lello) for refusing to submit to a

chemical test pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C.S. § 1547(b). Lello was stopped on February 2, 1989, after he was observed driving in the wrong direction on two one-way streets. When he refused to submit to the field breath test, he was arrested and transported to police headquarters where, following the appropriate warnings concerning the consequences of a refusal to submit to a chemical test, he refused to be tested. Thereafter, his operating privileges were suspended.

Upon appeal of his suspension, a *de novo* hearing was held in the trial court on June 20, 1989. At this hearing, Lello testified that on February 2, 1989, he had been taking a prescription drug, Xanax, which he knew to be a tranquilizer. Reproduced record (R.R.) at 21a. The prescription called for him to take one pill every eight hours or three times a day, as needed. R.R. at 23a. Lello also testified that during the day in question, he exceeded the prescribed dosage by taking six pills, twice the amount recommended by his doctor. R.R. at 26a. Although he did not remember being stopped by the police officer or refusing the chemical test, Lello did remember taking the last of the six pills he consumed prior to leaving the pig roast he had attended that evening. R.R. at 25a, 29a.

At the hearing, Lello also presented the testimony of his medical expert, Dr. John Querci. Dr. Querci testified that if Lello had taken six pills, twice the recommended dosage, that he would certainly have been impaired, independent of any alcohol he may have consumed, and that he would not have been capable of making a knowing and conscious refusal to the requested test. R.R. at 38a. However, when asked if Lello would have been impaired if he had taken only the prescribed dosage of three pills, Dr. Querci was unable to answer. R.R. at 46a. The trial judge, on the basis of the above testimony, found that Lello was incapable of making a knowing and conscious refusal to the chemical test as a result of the medication he had taken. R.R. at 62a.

■ Our scope of review in license suspension cases is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Wheatley v. Department of Transportation*, 104 Pa. Commonwealth Ct. 171, 521 A.2d 507 (1987).

■ The sole issue before us here is whether a motorist's refusal to submit to chemical testing is excused when, as the result of the motorist's excessive use of a prescription drug, the refusal was not knowingly and consciously made.[1] This Court has previously held that voluntary intoxication is not a defense in license suspension procedures based upon a motorist's refusal to submit to chemical testing. *Walthour v. Department of Transportation*, 74 Pa. Commonwealth Ct. 53, 458 A.2d 1066 (1983); *Ascolese v. Department of Transportation*, 105 Pa. Commonwealth Ct. 95, 522 A.2d 1204 (1987). We find the reasoning in these cases to be appropriate here.

In the instant case, Lello was taking a prescription he knew was a tranquilizer and voluntarily doubled the recommended dosage for one day. We believe that the person who exceeds his recommended dosage is no different than the person who has had "one drink too many" and then is unable to make a knowing and conscious refusal. In both cases there exists a situation where "the prospective loss of mental and physical capacity was a foreseeable consequence when the driver undertook consumption...." *Walthour*, 74 Pa. Commonwealth Ct. at 55, 458 A.2d at 1067.

Although we will not allow a motorist to evade his statutory duty to submit to chemical testing by an overindulgence of prescription medication, we wish to make it clear that we are not deciding what the outcome might have been here had Lello been incapacitated solely by the recom-

1. Lello has also argued in his brief that § 1547 is inapplicable because he was not intoxicated but merely impaired as the result of taking prescribed medication. This argument is without merit in that § 1547 provides for testing with regard to controlled substances as well as alcohol.

mended dosage of a prescription drug. He, of course, had doubled the recommended dosage.

Accordingly, the order of the Court of Common Pleas of Luzerne County sustaining Denis A. Lello's appeal is hereby reversed, and the suspension of his operating privilege is reinstated.

## ORDER

AND NOW, this 19th day of March, 1990, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby reversed, and the suspension of the operating privileges of Denis A. Lello is reinstated.