James M. TURNER

v.

COMMONWEALTH of Pennsylvania, DE-
PARTMENT OF TRANSPORTATION,
BUREAU OF DRIVER LICENSING,
Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 2, 1996.

Decided Sept. 18, 1996.

Timothy P. Wile, Assistant Counsel In-
Charge, and Harold H. Cramer, Assistant
Chief Counsel, for Appellant.

No appearance entered for Appellee.

1. 75 Pa.C.S. § 1538(b)(4).

2. 75 Pa.C.S. § 3321.

3. Turner had previously been assessed six points
by the Department on August 15, 1994 for violat-

Before DOYLE and LEADBETTER, JJ.,
and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

The Department of Transportation, Bu-
reau of Driver Licensing (Department), ap-
peals from an order of the Court of Common
Pleas of Philadelphia County which sustained
the statutory appeal of James M. Turner
from a sixty-day suspension of his operating
privilege for failing to attend a departmental
hearing as required under Section 1538(b)(4)
of the Vehicle Code.[1]

The relevant facts are as follows. On De-
cember 22, 1994, the Philadelphia Police is-
sued Turner a traffic citation for violating
Section 3321 of the Vehicle Code (failure to
yield right of way at intersection).[2] Turner
was convicted for this offense on March 7,
1995, for which he paid a fine and costs of
$58.00. On March 24, 1995, the Department
assessed three points against Turner's driv-
ing record, bringing the total number of
points assessed against Turner's driving rec-
ord up to seven. Significantly, this was the
second time in which Turner had accumulat-
ed six or more points on his driving record.[3]

Section 1538 of the Vehicle Code specifical-
ly provides as follows:

(b) Second accumulation of six
points.—

(1) When any person's record has been
reduced below six points and for the sec-
ond time shows as many as six points, the
department *shall require* the person to
attend a departmental hearing. . . .

. . . .

(4) *Failure to attend the hearing* or to
attend and satisfactorily complete the re-
quirements of a driver improvement school
*shall result in the suspension of such per-
son's operating privilege for 60 days.*
Failure to pass an examination shall result
in the suspension of such person's operat-

ing Section 3714 (careless driving) and Section
3323 (failure to obey stop sign) of the Vehicle
Code, 75 Pa.C.S. §§ 3714, 3323. Conviction for
each of these offenses mandated an assessment
of three points against Turner's driving record.

ing privilege until the examination has been satisfactorily completed.

75 Pa.C.S. § 1538(b) (emphasis added).

Since this was the second time that Turner had accumulated six or more points on his driving record, the Department notified Turner, by a letter dated and mailed April 7, 1995, that he was required to attend a departmental hearing pursuant to Section 1538 of the Vehicle Code.[4] The Department's letter further stated that Turner's departmental hearing was scheduled for 9:30 a.m. on April 28, 1995, at the Philadelphia National Guard Armory. Turner failed to appear at that hearing, and we note that he did not inform the Department prior to the hearing that he was unable to attend, nor did he attempt to contact the Department afterwards to provide an explanation for his absence or to try to reschedule the hearing.

Based on Turner's failure to attend the hearing, the Department's hearing examiner recommended that Turner's operating privilege be suspended for sixty days as mandated by the plain language of Section 1538(b)(4) of the Vehicle Code. Accordingly, by a letter dated and mailed May 22, 1995, the Department notified Turner that his operating privilege was being suspended for sixty days pursuant to Section 1538(b)(4) of the Vehicle Code.

On June 20, 1995, Turner filed a statutory appeal from this suspension, pursuant to Section 1550(a) of the Vehicle Code,[5] with the Court of Common Pleas of Philadelphia County. A *de novo* hearing was subsequently held on September 18, 1995. At that time, the Department submitted into evidence a collection of certified documents establishing the facts recounted above. In rebuttal, Turner, proceeding *pro se*, briefly testified on his own behalf, providing the following explanation for his failure to attend the hearing:

> The only thing is that I just missed the Court date because I didn't pay attention to the days, that's all. You know, when I did realize it was the date, it was too late to go to the hearing, I mean jumping, going to work, I just went passed [sic] the date, that's all I did.

(Notes of Testimony at 3; Reproduced Record at 8a.) Turner presented no other evidence. Nevertheless, the court of common pleas sustained the appeal and rescinded Turner's suspension, summarily concluding that "Mr. Turner articulated sufficient grounds for failing to appear at the Section 1538 hearing." (Memorandum Opinion of Common Pleas Court, 1/2/96, at 2.)

The Department now appeals the court of common pleas' decision to our Court.[6] The sole issue for our review on appeal is a narrow question, apparently never before addressed by this Court: whether a court of common pleas commits error in reversing a sixty-day suspension of a driver's operating privilege for missing a scheduled departmental hearing as required under Section 1538 of the Vehicle Code where the driver's absence was not due to non-negligent circumstances, but merely his own failure to keep "track of the days."

The Department argues that under the circumstances of the present case and based on the express language of Section 1538(b)(4) of the Vehicle Code, the sixty-day suspension of Turner's license is mandatory.[7] We agree.

When enacting Section 1538(b)(4), the General Assembly determined that a licensee's failure to attend a departmental hearing "shall result in the suspension of such per-

---

**4.** 75 Pa.C.S. § 1538(1).

**5.** 75 Pa.C.S. § 1550(a).

**6.** Our scope of review in license suspension cases is limited to a determination of whether the trial court's findings are supported by competent evidence, whether the trial court committed an error of law, and whether the trial court committed a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Lello,* 132 Pa.Cmwlth. 11, 571 A.2d 562 (1990).

**7.** We note that Turner is representing himself in this appeal, as he did before the court of common pleas. Also, by an order of this Court dated July 26, 1996, Turner was precluded from filing a brief based on his failure to file a brief within the time limits previously established by this Court. Therefore, the issue raised in this appeal must be decided based solely on the Department's brief and the record created before the court of common pleas, without the benefit of Turner making any written or oral argument on his own behalf.

son's operating privilege for 60 days." Under Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903 "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." *Webster's Third New International Dictionary* 2083 (1986) defines the word "shall," in relevant part, as follows: "used in laws, regulations, or directives to express what is *mandatory.*" (Emphasis added.) We believe there is no doubt that by using the specific language quoted above, contained in Section 1538(b)(4) of the Vehicle Code, the Legislature clearly intended that the suspension of a driver's operating privilege be mandatory where the licensee fails to attend a scheduled departmental hearing, *at least where his or her failure to attend is not caused by an emergency, sudden illness, or other extenuating circumstances beyond his or her control.*[8] Our conclusion today is further supported by prior decisions of this Commonwealth which have similarly held that the word "shall" is mandatory, and not discretionary. *See, e.g., James F. Oakley, Inc. v. School District of Philadelphia,* 464 Pa. 330, 346 A.2d 765 (1975); *Prichard v. Willistown Township School District,* 394 Pa. 489, 147 A.2d 380 (1959). *See also Department of Transportation, Bureau of Traffic Safety v. Wagner,* 17 Pa.Cmwlth. 26, 330 A.2d 867, 868 (1975) (interpreting Section 619.1(f) of the Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. § 619.1(f), repealed by the Act of June 17, 1976, P.L. 162, which contained similar language as is now found in Section 1538 of the Vehicle Code, 75

Pa.C.S. § 1538) ("There is no merit to [the motorist's] position that the [Department's] action is discretionary.... It is clear this section is mandatory.").

Although the General Assembly could have granted the Department or the court of common pleas discretionary authority in implementing suspensions under Section 1538 of the Vehicle Code, it has instead decided to make such suspensions mandatory. Neither the Department nor the court of common pleas may substitute its judgment for that of the Legislature in this matter where its intent is clear and beyond doubt. We, therefore, hold that the court of common pleas committed an abuse of discretion by overturning Turner's suspension in the present case.[9]

Accordingly, the order of the court of common pleas is reversed, and the sixty-day suspension of Turner's operating privilege is reinstated.

### ORDER

NOW, September 18, 1996, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter, which rescinded the sixty-day suspension of James M. Turner's operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing, is hereby reversed.

---

**8.** The Department concedes that Section 1538 of the Vehicle Code does not necessarily require the suspension of a licensee's operating privilege where the licensee misses the hearing due to non-negligent circumstances. We take particular note of the Department's following statement:

> The issue of whether non-negligent circumstances, such as a sudden illness or family emergency, may provide cause for a postponement or rescheduling of a Section 1538(b)(1) hearing is not before this Court since no such circumstances are present in this case. Even in such a case, the licensee would still be required to attend a Section 1538(b)(1) Departmental hearing at a later date, the licensee would not be absolved of the requirement to attend such a hearing, as [the court of common pleas did] in this case [when it sustained Tur-

ner's appeal and rescinded his suspension]. *The Department has handled such circumstances administratively in the past and will continue to do so.*
(Department's Brief at 13 n.2.) (Emphasis added.)

**9.** We must stress, however, that our holding is limited to the facts of the present case. We specifically do not address the question of whether a driver's absence from a departmental hearing under Section 1538 of the Vehicle Code may be excused when it results from non-negligent circumstances beyond his or her control, e.g. illness, emergency, inclement weather, etc. *See supra* note 8. This question we leave for another day and nothing in this opinion should be construed as expressing the views of this Court on that question.