626 A.2d 1247

**Ronald Francis SWOYER, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 5, 1991.

Decided Oct. 22, 1991.

Publication Ordered June 15, 1993.

2

Richard Orloski, for petitioner.

Timothy P. Wile, Assistant Counsel In–Charge, Appellate Section, for respondent.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Ronald Francis Swoyer (Swoyer) petitions for review of a decision of the Secretary of Transportation (Secretary) denying him eleven months credit towards suspension of his operating privileges issued by the Department of Transportation, Bureau of Driver Licensing (Department).

On September 8, 1987, the Department notified Swoyer of a one year suspension of his operating privileges.[1] He appealed to the Common Pleas Court of Lehigh County and, after a hearing, his appeal was dismissed on January 15, 1988. On February 25, 1988, the Department notified Swoyer of his reimposed suspension to begin at 12:01 a.m. on March 31, 1988. Swoyer did not surrender his license to the Department.

In December of 1988, Swoyer filed a petition for rehearing based on newly discovered evidence. The Department rein-

---

1. The suspension was effective October 13, 1987 for Swoyer's refusal to submit to chemical alcohol testing as required by Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547(b).

stated Swoyer's operating privileges pending the outcome of the rehearing petition. In the meantime, Swoyer renewed his operator's license. After several continuances of the rehearing petition, the trial court, on October 5, 1989, dismissed Swoyer's petition and reinstated the suspension.

On October 10, 1989, Swoyer requested a hearing before the Department to obtain credit against his one year suspension from March 31, 1988 through February 27, 1989, a period of time in which he did not renew his license, which had expired on March 31, 1988.[2]

A hearing was held before a Department hearing officer who, on April 30, 1990, made Findings of Fact and Conclusions of Law and entered an order as follows:

Swoyer is not entitled to credit towards his suspension from March 31, 1988 to December 23, 1988.

Swoyer filed exceptions to the hearing officer's proposed report; on June 20, 1990, after consideration, the Secretary entered an order, as follows:

## ORDER

AND NOW, this 20th day of June, 1990, exceptions having been filed to the Proposed Report of the Department Hearing Officer, those exceptions are denied and the Order contained in the Proposed Report is *made final.*

Swoyer filed an appeal of the June 20, 1990 order. We affirm the Secretary's decision.

■ Before addressing Swoyer's questions for review, it is necessary to first address the Department's motion to dismiss Swoyer's appeal by reason of his failure to comply with Pennsylvania Rules of Appellate Procedure 2116, Pa.R.A.P.

2. The Department, by notice dated November 9, 1989, reinstated Swoyer's one year suspension effective December 14, 1989 at 12:01 a.m. The notice directed Swoyer to return his driver's license to the Department to comply with his suspension and avoid having the matter referred to the Pennsylvania State Police.

2116(a), to properly raise and preserve issues for appeal. Rule 2116(a) states:

Rule 2116. Statement of Questions Involved

(a) General rule. The statement of questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind. It should not ordinarily exceed 15 lines, must never exceed one page, and must always be on a separate page, without any other matter appearing thereon. This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby. Whenever possible each question must be followed immediately by an answer stating simply whether it was affirmed, negatived, qualified or not answered by the court or government unit below. If a qualified answer was given to the question, appellant shall indicate, most briefly, the nature of the qualification, or if the question was not answered and the record shows the reason for such failure, the reason shall be stated briefly in each instance without quoting the court or government unit below.

Although a technical application of the rule would warrant a decision of waiver on all issues, the rule provides for broad discretion by stating, "ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby." *Id.*

Preceding the argument portion of his brief, Swoyer does include a statement of question relating to his ensuing argument. Thus, Swoyer has substantially complied with the spirit of Pa.R.A.P. 2116(a), sufficient to excuse non-technical compliance. *See Commonwealth v. Wills,* 380 Pa.Superior Ct. 555, 552 A.2d 682 (1988); *Commonwealth v. Brocco,* 263 Pa.Superior Ct. 51, 396 A.2d 1371 (1979). Accordingly, we deny the Department's motion for dismissal of Swoyer's petition for review, and now address the merits thereof.

■ Swoyer contends the Department erred as a matter of law in denying credit towards his suspension because the uncontradicted facts indicate he did not possess a valid license due to its expiration. Swoyer also contends he complied with the spirit of the Code and his failure to surrender his license was based on the advice of counsel.

■ This Court's scope of review is limited, and will only reverse the Secretary's decision if: (1) the Secretary's findings are not supported by substantial evidence, (2) the Secretary committed an error of law, (3) any of the motorist's constitutional rights have been violated, or (4) any of the procedural provisions of the Administrative Agency Law have not been complied with. *Estate of McGovern v. State Employee's Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

Swoyer neither contends, nor does the record reveal, any constitutional violation or any breach of procedural provisions of the Administrative Agency Law. We also find the Secretary's finding that Swoyer is not entitled to credit towards his suspension is supported by ample evidence. Swoyer's suspension was to begin on March 31, 1988 at 12:01 a.m., and coincidentally, his driver's license was to expire at that same time. However, for one full day,[3] Swoyer possessed a valid license. In fact, by notice dated February 25, 1988, the Department notified Swoyer of his suspension to begin on March 31, 1988 at 12:01 a.m. As a result, Swoyer had approximately thirty (30) days to surrender his license in order to commence accumulating credit towards his suspension.

Second, we find the Secretary did not commit an error of law as his findings were based on the correct interpretation of the Code, which is explicit on the period of suspension of a driver's operating privilege. Section 1541 of the Code states:

§ 1541. Period of revocation or suspension of operating privilege.

3. Swoyer possessed a valid operator's license for one full day, from March 30, 1988 at 12:01 a.m. to March 31, 1988 at 12:01 a.m.

(a) Commencement of period.—The period of revocation or suspension of the operating privilege shall commence as provided for in section 1540 (relating to a surrender of license). No credit toward the revocation or suspension shall be earned until the driver's license is surrendered to the department, the court or the district attorney, as the case may be. A nonresident licensed driver or a unlicensed driver shall submit an acknowledgement of suspension or revocation to the department in lieu of a driver's license....

75 Pa.C.S. § 1541(a).

In further support of the Secretary's order and Swoyer's noncompliance with the Code, section 1540 states:

§ 1540. Surrender of license.

\*     \*     \*     \*     \*     \*

(b) Suspension, revocation or disqualification of operating privilege.—Upon the suspension or revocation of the operating privilege or the disqualification of the commercial operating privilege of any person by the department, the department shall forthwith notify the person in writing at the address of record to surrender his driver's license to the department for the term of suspension or revocation. The suspension, revocation or disqualification shall be effective upon a date determined by the department if that date is subsequent to the department's notice to surrender the license, whichever occurs first. Upon surrender of the license, the department shall issue a receipt showing the date that it received the license.

75 Pa.C.S. § 1540(b).

Swoyer twice failed to comply with the literal meaning of the Code. First, he failed to surrender his valid operator's license as the Code prescribes. Second, even if Swoyer believed his license was expired, he still failed to submit an acknowledgement of his suspension in lieu of his driver's license. The excuse that Swoyer relied upon counsel's advice becomes attenuated when he is contacted by the State Police and the Department and still fails to realize the surrender of

his license and the commencement of his suspension are interrelated.

The Department also asks this Court to label Swoyer's appeal frivolous and contends that both Swoyer and his attorney are jointly and severally responsible for reasonable counsel fees in accordance with Rule 2744 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2744. Rule 2744 states:

> Rule 2744. Further Costs. Counsel Fees. Damages for Delay.
>
> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
>
> (1) a reasonable counsel fee and
>
> (2) damages for delay at the rate of 6% per annum in addition to legal interest, if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed as dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

The standard by which an appeal is deemed frivolous is whether, either as a matter of fact or law, the appellant has any likelihood of success, and whether the continuation of the proceeding is reasonable. *Langmaid Lowe Homeowners Association Appeal,* 77 Pa.Commonwealth Ct. 53, 465 A.2d 72 (1983). Because Swoyer's appeal lacks a reasonable basis either in law or fact, we agree with the Department that this appeal is frivolous.

In support of Swoyer's position that he is entitled to eleven months credit towards his suspension, he cites *Commonwealth v. MacSherry,* 371 Pa.Superior Ct. 164, 537 A.2d 871 (1988). Swoyer's faith in *MacSherry* is wholly misplaced. *MacSherry* holds that a driver cannot avoid suspension of his operating privileges by merely withholding his license from the Department. Rather, suspension commences on the date

set by the Department irrespective of whether the license is surrendered at a later date, and physical surrender of the license merely prescribes the method of computation by which termination of the suspension is established. *Id.*

Although Swoyer correctly cites *MacSherry* for these contentions, they still fail to support his ultimate conclusion that the time used to compute the final termination of his suspension is March 31, 1989, when his driver's license expired. *MacSherry* and sections 1540 and 1541, 75 Pa.C.S. §§ 1540–1541, clearly illustrate that credit towards a suspension does not begin until the Department receives the driver's operating license or an acknowledgement thereof. In fact, neither Swoyer nor this Court can discover any authority which claims a suspended driver can retain his license and still commence credit towards his suspension. Accordingly, Swoyer's appeal is frivolous, and a determination of further costs to be awarded is to be made pursuant to Pa.R.A.P. §§ 2744 and 3751.

## *ORDER*

AND NOW, this 22nd day of October, 1991, it is ORDERED as follows:

1. The Department of Transportation's motion to dismiss Ronald Francis Swoyer's petition for review is denied.

2. The order of the Secretary of the Department of Transportation is affirmed.

3. The petition for review of Ronald Francis Swoyer, having been determined to be frivolous, the Department of Transportation is directed to comply with Pa.R.A.P. No. 3751.

PELLEGRINI, J., dissents to the imposition of counsel fees.