637 A.2d 769

**Marc REALMUTO, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1993.

Decided Feb. 3, 1994.

---

**5.** Because of this Court's resolution of Appellants' first issue, we need not address the merits of the remaining issues.

614

James A. Swetz, for petitioner.

Harold H. Cramer, Asst. Chief Counsel, Vehicle & Traffic Law Div., for respondent.

Before DOYLE, and SMITH, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Marc Realmuto (Realmuto) seeks review of the February 18, 1993 final order of the Secretary of Transportation of the Commonwealth of Pennsylvania (Secretary), which denied his Petition for Restoration of Driving Privileges and Recomputation of Suspension.

Realmuto does not question the suspension itself, but does take issue with the Secretary's calculation of the time period during which the suspension runs.[1]

The principal question on appeal is whether the Secretary correctly decided that the effective date for commencement of credit for Realmuto's most recent suspension should be February 11, 1992, when Realmuto submitted an acknowledgement to the Department that his license had been suspended, and not September 20, 1990, when Realmuto's license expired.

Realmuto also argues that the Hearing Examiner's and the Secretary's evaluations of his credibility as a witness were flawed by the fact that they made an adverse inference against

---

1. Unlike most license suspension appeals which arrive in this Court on appeal from the various Courts of Common Pleas pursuant to Section 762(a)(3) of the Judicial Code, 42 Pa.C.S. § 762(a)(3), this appeal, quite properly, is in our Court on an appeal from an order issued by the Secretary of Transportation as an appeal from a Commonwealth Agency under 42 Pa.C.S. § 763. *Compare Department of Transportation, Bureau of Driver Licensing v. Sullivan*, 140 Pa.Commonwealth Ct. 10, 594 A.2d 791 (1991) *and Department of Transportation, Bureau of Driver Licensing v. Cardell*, 130 Pa.Commonwealth Ct. 516, 568 A.2d 999 (1990) (holding that credit determinations are exclusively within the province of the Department, not Courts of Common Pleas). Our scope of review therefore is limited to determining whether the agency's findings are supported by substantial evidence, whether the agency committed an error of law, whether the procedural provisions of the Administrative Agency Law have been complied with, or whether any of Realmuto's constitutional rights have been violated. 2 Pa.C.S. § 704; *Estate of McGovern v. State Employe's Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

him because of his refusal under the Fifth Amendment to answer a potentially incriminating question as to when he had last driven a vehicle in Pennsylvania.

We affirm the order of the Secretary, which starts credit for the suspension period on February 11, 1992, the date on which Realmuto submitted to the Department of Transportation (Department) his acknowledgement that his license had been suspended.

## FACTS

Realmuto's abysmal driving record is briefly summarized in the facts as found by the Hearing Examiner and affirmed by the Secretary. On June 6, 1988, the Department suspended Realmuto's license pursuant to 75 Pa.C.S. § 1533 for failure to respond to a citation. His license was under suspension until November 25, 1988, when he finally responded to the citation. On November 23, 1988, however, a Pennsylvania State Trooper cited Realmuto for driving while under suspension in violation of 75 Pa.C.S. § 1543. On April 11, 1989, Realmuto was convicted of driving while his license was suspended. On June 26, 1989, the Department notified him that, as a result of his conviction, his license was suspended for one year effective July 31, 1989. Realmuto did not respond to this notice, which was returned to the Department as unclaimed mail.

During the one-year suspension period, Realmuto was cited twice more—on November 25, 1989 and February 17, 1990—for driving under suspension. For these he received two additional fifteen-day suspensions. On June 8, 1990, Realmuto was once again cited for driving while his license was suspended. On February 7, 1992 he was convicted of that violation. By notice dated June 4, 1992, the Department informed Realmuto that his license would be suspended for another one-year period effective March 13, 1993.

In the meantime, Realmuto's license had expired on September 30, 1990.

Upon inquiry by Realmuto's counsel as to the status of his client's license in November 1990, the Department informed

Realmuto that he had not yet received credit toward his suspension because he failed to surrender his license or to send an acknowledgement of his suspension. Realmuto contends that he did send an acknowledgement. The Department has no record of this acknowledgement.

On February 11, 1992, Realmuto finally did send an acknowledgement of suspension, and it is from this date that the Department began applying credit towards his suspensions.

Realmuto requested and received an administrative hearing regarding credit for his twenty-five-month suspension. He testified at the hearing, but when counsel for the Department asked him when he had last driven in the state of Pennsylvania, he refused to answer despite the Hearing Examiner's finding that the question was relevant to the proceeding.

The Hearing Examiner filed a proposed order concluding that Realmuto was not entitled to credit toward his suspensions before February 11, 1992. Realmuto filed exceptions to that order. On February 18, 1993, the Secretary denied the exceptions and adopted the Hearing Examiner's proposed order. On March 17, 1993, Realmuto filed a petition for review of the Secretary's order with this Court.

## DISCUSSION

■ Because both Realmuto and the Department presented evidence at the hearing, we must determine if there exists substantial evidence to support the Secretary's findings. *Iacono v. Workmen's Compensation Appeal Board (Chester Housing Authority and PMA Group)*, 155 Pa.Commonwealth Ct. 234, 624 A.2d 814 (1993). We are required to view the evidence presented before the Secretary in the light most favorable to the party that prevailed before the Hearing Examiner, the Department, and must resolve all conflicts in its favor. *Mitzelfelt v. Kamrin*, 526 Pa. 54, 584 A.2d 888 (1990) (citing *Jones v. Three Rivers Management Corp.*, 483 Pa. 75, 88, 394 A.2d 546, 553 (1978)). If a factual finding made by the Secretary is found to be supported by substantial evidence, we are bound by that finding. *Department of*

*Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

■ The Secretary is not bound by the proposed report of the Hearing Examiner and is the ultimate fact-finder. He has the discretion to accept or reject all or part of a witness's testimony. It is not our function to review credibility determinations on appeal. *Morrell v. Department of Transportation, Bureau of Traffic Safety,* 133 Pa.Commonwealth Ct. 338, 575 A.2d 171 (1990); *O'Connell.*

## Commencement Date of Suspension

■ Realmuto argues first that, when his license expired on September 30, 1990, the expiration constituted a "constructive" surrender of his license for purposes of calculating credit toward his suspensions. He argues that when a suspended license expires, there is no doubt that the individual no longer has driving privileges or the right to renew his license. Realmuto contends that the prohibition against issuance of a license to a person whose driving privileges are suspended serves the same purpose that physical surrender accomplishes. Thus, he argues that the date of expiration, September 30, 1990, is an objective date for calculation of credit toward the suspensions.

We disagree with Realmuto's analysis and conclusion that he should receive credit beginning September 30, 1990. The first applicable section of the Code provides as follows:

**(b) Suspension, revocation or disqualification of operating privilege.**—Upon the suspension or revocation of the operating privilege ... of any person by the department, the department shall forthwith notify the person in writing at the address of record to surrender his driver's license to the department for the term of the suspension, revocation or disqualification. The suspension, revocation or disqualification shall be effective upon a date determined by the department or the date of surrender of the license to the department if that date is subsequent to the department's notice to surrender the license, whichever occurs first.

Upon surrender of the license, the department shall issue a receipt showing the date that it received the license.

75 Pa.C.S. § 1540(b). In accordance with the Vehicle Code, the notice of suspension sent to Realmuto at his address of record provided that he would not receive credit toward his suspension unless and until he surrendered his driver's license to the Department.

The other applicable section, 75 Pa.C.S. § 1541(a) provides as follows:

(a) **Commencement of period.**—The period of revocation or suspension of the operating privilege shall commence as provided for in section 1540 (relating to surrender of license). No credit toward the revocation or suspension shall be earned until the driver's license is surrendered to the department, the court or the district attorney, as the case may be. *A nonresident licensed driver or an unlicensed driver shall submit an acknowledgement of suspension or revocation to the department in lieu of a driver's license. The department may, upon request of the person whose license is suspended, delay the commencement of the period of suspension for a period not exceeding six months whenever the department determines that failure to grant the extension will result in hardship to the person whose license has been suspended.*

(Emphasis added). Realmuto was an unlicensed driver as of September 30, 1990, and under Section 1541(a), he should have submitted an affidavit acknowledging his suspension. The language of the statute is clear and it does not provide for a constructive surrender based upon the expiration of the driver's license. We agree with the Department that the Secretary was justified in denying Realmuto credit against his suspension beginning on September 30, 1990.

## Fifth Amendment Privilege

Realmuto refused to answer the Department's question as to the last time he had driven a motor vehicle in Pennsylvania, claiming that his answer might incriminate him. He argues that the Secretary abused his discretion in using the refusal as

an aid in determining that his other testimony was not credible. We disagree.

 The constitutional right against self-incrimination may be invoked in both criminal and civil proceedings, but only if the answer to a question would incriminate the witness in a subsequent *criminal* proceeding. *Department of Transportation, Bureau of Driver Licensing v. Vogt,* 112 Pa.Commonwealth Ct. 515, 535 A.2d 750 (1988). Here, Realmuto did have the right to assert his constitutional privilege. However, because the hearing before the Hearing Examiner was a *civil* proceeding, the Secretary also had the right to consider the failure of Realmuto to answer the question when making his determination as to Realmuto's credibility. The question appears to be relevant on the issue of whether Realmuto had suffered any hardship within the meaning of Section 1541(a) of the Vehicle Code. To make an adverse inference from a refusal to respond to a relevant question in a civil proceeding is not a violation of Realmuto's constitutional rights. *Cf. Baxter v. Palmigiano,* 425 U.S. 308, 318–320, 96 S.Ct. 1551, 1558–1559, 47 L.Ed.2d 810 (1976) (prison disciplinary proceeding); *Sawko v. Sawko,* 425 Pa.Superior Ct. 450, 625 A.2d 692 (1993) (child custody hearing). We find that the Secretary did not violate Realmuto's constitutional rights by considering his failure to respond to the question regarding when he last drove an automobile in Pennsylvania.

 Realmuto's final argument is that the Secretary should have given him the benefit of the doubt when he testified that he sent in the acknowledgement because the Department could not dispute it. We disagree.

The Department testified that it did not have any record of receiving the acknowledgement. The Secretary determined that Realmuto's testimony that he did send an earlier acknowledgement was not credible. From our review of the record of Realmuto's evasive and conflicting testimony in its entirety, we conclude that the Secretary was well within his rights to make an adverse credibility determination and we find there is substantial evidence to support this determination.

## Conclusion

For the reasons stated above, we affirm the Final Order of the Secretary of Transportation.

## *ORDER*

**AND NOW,** this 3rd day of February, 1994, the order of the Secretary of Transportation of the Commonwealth of Pennsylvania dated February 18, 1993 is hereby affirmed.