**Seth J. ROUSH, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 10, 1997.
Decided March 10, 1997.

Denise R. Turner, Pittsburgh, for petitioner.

Barbara A. Darkes, Assistant Counsel, and Timothy P. Wile, Assistant Counsel In-Charge, Harrisburg, for respondent.

Before COLINS, President Judge, and FLAHERTY, J., and NARICK, Senior Judge.

FLAHERTY, Judge.

Seth J. Roush (Roush) petitions for review from the August 21, 1996, order of the Secretary of Transportation (Secretary) of the Department of Transportation (DOT), which denied his request for a probationary license. We affirm.

This is a case of first impression before this court involving the construction of the Pennsylvania probationary license statute. Roush received numerous citations for driving while his license was suspended. One week before reaching the age of 16, Roush was convicted of driving without a license and leaving the scene of an accident. His license was suspended for six months. Two months later, he violated Section 6308 of the Crimes Code by purchasing/consuming/possessing alcohol and his license was suspended for three more months, which was added at the end of the first suspension. His operating privileges were restored on January 24, 1990, shortly after he turned 17.

Thereafter, until he was 21 years old, his license was suspended four more times for violating various laws, including two underage alcohol violations and failing to take the points exam after two stop sign violations. Between the age of 21 and the filing of his petition for review four months after his 23rd birthday, Roush's license was suspended six more times in cumulative periods effective until August 25, 2006, for driving while under suspension and for speeding, i.e., driving 78 miles per hour in a 55 mile per hour zone. Finally, he was cited for operating a vehicle without a license on February 26, 1995. On August 17, 1995, as a result of these convictions, Roush was characterized as a habitual offender under Section 1542 of the Vehicle Code (Code), 75 P.a.C.S. § 1542, and his operating privileges were suspended.

Roush subsequently filed for a probationary license, which was denied by DOT. On March 1, 1996, Roush formally requested an administrative hearing to review DOT's denial of his application for a probationary license. A hearing was held on April 24, 1996. At the hearing, Roush acknowledged that he was stopped for a traffic violation as recently as February 26, 1995, and that DOT based its denial of his probationary license application on the fact that he had not earned sufficient time toward serving his suspensions/revocations while violation-free.

At the hearing, DOT presented documentation, including its March 1, 1996, letter to Roush, in which it stated that his petition for probationary license was denied because he was required to serve three-to-six years of suspensions before becoming eligible for the license. The documents further confirmed that Roush was cited on February 26, 1995, for violating 75 Pa.C.S. § 1501, which requires that drivers be licensed. Roush was convicted of this offense as noted on his certified driving record. Official notice of suspension for that conviction was dated and mailed to Roush on September 5, 1995.

On May 15, 1996, as a result of the aforementioned hearing, DOT's hearing officer en-

tered a proposed report and order upholding DOT's denial of Roush's application for probationary license. The hearing officer upheld the decision based on the fact that Roush failed to prove that he had not driven during the minimum period of his suspension, as evidenced by his February 26, 1995, violation and subsequent conviction. Roush filed exceptions to the Secretary from the hearing officer's proposed report. The Secretary affirmed, on August 21, 1996, the hearing officer's decision and order. Roush now appeals to this court.

In August of 1996, Roush obtained employment at a local university and avers that he utilizes either a bicycle or public transportation for travel to and from work and that he has to travel through dangerous neighborhoods while commuting.

 Roush raises two issues on appeal: (1) whether the Secretary's decision was supported by substantial evidence in light of hardship factors, and (2) whether the Secretary committed an error of law by failing to take into account the intent of the legislature in properly determining the meaning of the word "shall" in 75 Pa.C.S. § 1554. This court's appellate review is limited to determining whether the necessary findings are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Realmuto v. Department of Transportation*, 161 Pa. Cmwlth. 613, 637 A.2d 769, 770 n. 1 (1994).

The subject section, 75 Pa.C.S. § 1554, was added by Act 143 of 1994, and became effective September 12, 1995. This section was added to provide licensees with long-term suspensions or revocations of their operating privileges the opportunity to obtain a probationary license.[1] This section, which sets forth the requirements for obtaining a probationary license, provides in pertinent part that:

(a) **Issuance.**—Unless otherwise prohibited under any other provision in this section, the department may issue a probationary license under this section to a per-

son who has been designated as a habitual offender under section 1542 (relating to revocation of habitual offender's license) and whose operating privilege has been revoked, or to a person with an accumulation of suspensions or revocations wherein the cumulative term of suspension or revocation is five or more years. The department may issue a probationary license for the operation of only a Class C noncommercial motor vehicle.

(b) **Petition.**—

(1) An applicant for a probationary license must file a petition with the department, by certified mail, setting forth in detail the need for operating a motor vehicle.... All fines, costs and restoration fees must be paid at the time of the petition.

(2) Before being eligible to petition for a probationary license, a person *must* have served and earned credit toward serving the following terms of suspension or revocation for offenses enumerated in section 1532 (relating to revocation or suspension of operating privilege), 1539 (relating to suspension of operating privilege on accumulation of points) and 1543 (relating to driving while operating privilege is suspended or revoked):

(i) A person with one to seven offenses *must* have earned credit for at least a three-year term of suspension or revocation.

. . . .

(3) The applicant *must* prove to the satisfaction of the department that the applicant has not driven a motor vehicle during the minimum period of suspension or revocation.

. . . .

(f) **Unauthorized issuance.**—The department *shall not* issue a probationary license to:

(1) A person who has *not fully served a minimum term* of suspension or revoca-

---

1. DOT asserts that the probationary driver's license statute was an effort to allow such persons the opportunity to earn back their operating privileges by serving part of their suspension or revocation and then have the opportunity during a period of probation to show that they have improved their faulty driving habits.

tion under the provisions of subsection (b)(2).

75 Pa.C.S. §§ 1554(a), (b)(1), (b)(2), (b)(3) and (f)(1) (emphasis added.)

 Roush argues that the Secretary committed an error of law because his decision to deny the probationary license was not supported by substantial evidence, as he failed to use discretionary judgment in applying alleged hardship factors. Roush argues that the statute is fairly new and nowhere is it written that DOT lacks discretion to take into account hardship factors which would support a driver being granted a probationary license.

Roush's hardship argument is based on averments that, in order to maintain his new employment, he must either ride his bicycle to work or utilize public transportation, and has to travel in "gang ridden neighborhoods." Roush argues that, by obtaining a probationary license, he will be able to secure better employment opportunities with enhanced work hours and he will have the ability to travel whenever or wherever he would be needed. In essence, Roush argues that the three-year waiting period is unduly harsh, and there should be discretion in applying 75 Pa.C.S. § 1554 when DOT is presented with hardship factors.

DOT's counter-argument to this, as well as the second issue raised by Roush on appeal, is that DOT is statutorily prohibited from issuing a probationary license to an applicant who has not proven to DOT's satisfaction that they have not driven a motor vehicle during the service of the mandatory minimum period of suspension/revocation. DOT acknowledges that, under 75 Pa.C.S. § 1554(a), it has discretion to issue a probationary license to individuals meeting the requirements of the statute; however, DOT argues that the General Assembly has, by the use of the phrase "shall not issue," clearly prohibited it from issuing a probationary license to an individual who has not proven to DOT that he has not driven a motor vehicle during the minimum period of suspension/revocation. 75 Pa.C.S. § 1554(f)(1).

Roush has five applicable offenses on his driving record that have resulted in suspensions of his driving privileges.[2] Specifically, Roush was convicted of violating 75 Pa.C.S. § 1543, four times for driving while his operating privilege was suspended or revoked, on June 6, 1994, June 29, 1994, November 20, 1994 and January 29, 1995. In addition, Roush was convicted of violating 75 Pa.C.S. § 1501, drivers required to be licensed, because of his February 26, 1995, violation. All of the suspensions/revocations were imposed pursuant to 75 Pa.C.S. §§ 1543(c) and 1532(b), and occurred within two years of Roush's hearing on April 24, 1996. Accordingly, under 75 Pa.C.S. § 1554(b)(2), Roush must earn credit toward serving a minimum suspension/revocation term of three years before he attains eligibility for issuance of a probationary license.

Moreover, in order to be issued a probationary license, Roush has the burden of proving to DOT's satisfaction that he has not driven a motor vehicle within that minimum three year period of suspension/revocation. 75 Pa.C.S. § 1554(b)(3). Roush is unable to meet that burden. Roush admitted that he was cited for driving without a license on February 26, 1995, and four times previous thereto within two years of his hearing. The documents submitted by DOT reveal that Roush was convicted on August 17, 1995, because of the February 26, 1995, offense, the latest of the five previously enumerated offenses. As such, Roush has obviously failed to prove that he did not operate a motor vehicle during the minimum period of his suspension/revocation.

Roush argues that, under *Grove North America, Division of Kidde Industries, Inc. v. Arrow Lift and Construction Co., Inc.*, 421 Pa. Super. Ct. 12, 617 A.2d 369 (1992), the intent of the legislature determines whether a statute's use of the term "shall" is to be deemed mandatory or discretionary. However, under Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903, "[w]ords and phrases shall be construed ac-

**2.** Our review of the record reveals that Roush has a number of suspensions on his driving record. However, under 75 Pa.C.S. § 1554(b)(2), only five of those suspensions apply toward eligibility for a probationary license.

cording to rules of grammar and according to their common and approved usage." The word "shall" is defined in Merriam–Webster's Collegiate Dictionary 1075–1076 (10th ed.1994), in pertinent part, as "used in laws, regulations, or directives to express what is *mandatory* ...." (emphasis added.) Indeed, this definition is supported by prior decisions of the Pennsylvania Supreme Court and this court, which have held that the word "shall" is mandatory and not discretionary. *See,* e.g., *Turner v. Department of Transportation, Bureau of Driver Licensing,* 682 A.2d 903 (Pa.Cmwlth 1996); *James F. Oakley, Inc. v. School District of Philadelphia,* 464 Pa. 330, 346 A.2d 765 (1975); and *Department of Transportation, Bureau of Traffic Safety v. Wagner,* 17 Pa.Cmwlth. 26, 330 A.2d 867 (1975). Here, we believe there is no doubt that the legislature clearly intended to restrict DOT from issuing a probationary license to an individual who has failed to serve his or her minimum suspension or revocation under 75 Pa.C.S § 1554 by its use of the word "shall."

Roush argues that nowhere in the bill is it revealed that the legislature intended that the minimum suspension period outlined could not be modified without exception, or that an exercise in discretion is definitely out of the question. However, when words of a statute are free and clear from "all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921. Indeed, as our Supreme Court has noted, "[w]here there is no ambiguity, there is no room for interpretation." *Commonwealth v. Williams,* 539 Pa. 249, 253, 652 A.2d 283, 285 (1994).

 Roush also argues that we should look at statements made by two legislators prior to the passage of 75 Pa.C.S. § 1554. However, when words of a statute are clear it is unnecessary to look beyond the words of that statute and resort to other methods, including comments and statements made by legislators during the consideration of legislation, in interpreting the words of the statute. *Allegheny County Institution District v. Department of Public Welfare,* 668 A.2d 252 (Pa.Cmwlth.1995).

The legislature's use of the word "shall" directs that the application of this section is mandatory. Roush is required to earn credit for at least the minimum term of suspension/revocation for probationary license eligibility. Accordingly, the Secretary's order is affirmed.

### *ORDER*

NOW, March 10, 1997, the August 21, 1996, order of the Secretary of Transportation is affirmed.