**Joshua SMITH, Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1999.

Decided Nov. 3, 1999.

Robert T. Seiwell, Media, for petitioner.

Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for respondent.

Before McGINLEY, J., FRIEDMAN, J., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

Joshua Smith (Smith) seeks review of a final order of the Secretary of Transportation of the Commonwealth of Pennsylvania (Secretary) denying Smith's Petition for Correction of Eligibility Date for Driver's License (Petition).

This case presents an issue of first impression for this court, that is, whether a nondriver is entitled to receive credit toward a driver's license suspension when the nondriver fails to acknowledge the suspension to the Department of Transportation (DOT).

The facts can be briefly summarized as follows. Smith, who has never been a

licensed driver nor driven a motor vehicle, was charged with violations of section 6308 of the Crimes Code, 18 Pa.C.S. § 6308 (underage alcohol offenses) four times between December 31, 1991 and January 29, 1994. Smith was convicted on three of these charges and was granted a preadjudication disposition for the fourth.[1] As a result of these violations, Smith's driving privilege was suspended for a total of five years and ninety days.[2]

Shortly after disposition of each charge, DOT mailed a notice of suspension to Smith. Each notice informed Smith that his driver's license was suspended and that he was required to return DOT form DL–16LC (Acknowledgment Form) acknowledging his suspension. The notice stated further that, although his driving privilege was effectively suspended, Smith would not receive credit toward that suspension until he returned the Acknowledgment Form.

Smith did not mail in to DOT an Acknowledgment Form during the five years and ninety days that his driving privilege was suspended. However, Smith waited the entire length of the suspension before applying for his learner's permit. When Smith applied for his learner's permit, DOT informed him that he never received credit toward his suspensions because he failed to return an Acknowledgement Form. Smith finally returned the Acknowledgement Form to DOT on October 10, 1997, and it is from that date that DOT began applying credit toward Smith's suspensions.

Smith filed his Petition with DOT requesting that he receive credit toward his suspension from the date of his first effective suspension, April 16, 1992. Following a hearing, the Hearing Examiner issued a proposed report and order concluding that Smith was not entitled to receive credit toward his suspensions until he submitted his Acknowledgement Form. Smith filed exceptions, which the Secretary denied, thereby making the Hearing Examiner's order final. Smith filed a petition for review of the Secretary's order with this court.

■ On appeal,[3] Smith argues that the Secretary committed an error of law by concluding that Smith, a nondriver, was required to submit an Acknowledgement Form in order to receive credit for his suspensions. Smith bases his argument on section 1541 of the Vehicle Code, 75 Pa. C.S. § 1541, which provides:

(a) **Commencement of period**—The period of ... suspension of the operating privilege ... shall commence as provided for in section 1540 (relating to surrender of license). No credit toward the ... suspension shall be earned until the driver's license is surrendered to [DOT], the court or the district attorney, as the case may be. A nonresident licensed *driver* ... or an unlicensed *driver* shall submit an acknowledgment of suspension or revocation to the [DOT] in lieu of a driver's license ....

75 Pa.C.S. § 1541(a) (emphases added). Smith contends that under the clear lan-

---

1. A preadjudication disposition is the equivalent of a conviction for purposes of a license suspension. *See* 18 Pa.C.S. § 6310.4.

2. Any person convicted under 18 Pa.C.S. § 6308, shall have his or her driver's license suspended pursuant to section 6310.4(a) of the Crimes Code, 18 Pa.C.S. § 6310.4(a). DOT imposes a 90 day suspension for a first offense, a one year suspension for a second offense and a two year suspension for each additional offense. 18 Pa.C.S. § 6310.4(b). Any multiple suspensions are served consecutively. *Id.*

3. Our scope of review is limited to determining whether substantial evidence exists to support the findings, whether an error of law was committed, whether the procedural provisions of the Administrative Agency Law have been complied with or whether any constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Realmuto v. Department of Transportation*, 161 Pa.Cmwlth. 613, 637 A.2d 769 (1994); *Swoyer v. Department of Transportation*, 156 Pa.Cmwlth. 1, 626 A.2d 1247 (1991), *appeal dismissed*, 533 Pa. 318, 623 A.2d 321 (1993).

guage of section 1541(a), only "drivers" are unable to receive credit toward their suspension until the driver's license, or an Acknowledgment Form in lieu of a driver's license, is submitted to DOT. According to Smith, since he was never a driver,[4] section 1541 does not apply to him. Rather, Smith argues that his driving privilege suspension was imposed pursuant to section 6310.4 of the Crimes Code, 18 Pa.C.S. § 6310.4, which does not require that an Acknowledgement Form be submitted in order to receive credit toward the suspension. We agree.

Subsection (c) of section 6310.4 expressly addresses the situation of nondrivers, such as Smith, whose licenses are suspended. That subsection provides:

> (c) **Nondrivers**—Any *person* whose record is received by the [DOT] under subsection (a) and who does not have a driver's license shall be ineligible to apply for a learner's permit ... for the time period specified in subsection (b).

18 Pa.C.S. § 6310.4(c) (emphasis added). Section 6310.4 makes no mention of Acknowledgement Forms. Moreover, in contrast to section 1541 of the Vehicle Code, section 6310.4 explicitly addresses "nondrivers" and, importantly, uses the term "person" instead of the more limiting term "driver" found in section 1541.

4. Unless the context "clearly indicates otherwise," the term driver refers to any "person who drives or is in actual physical control of a vehicle." Section 102 of the Vehicle Code, 75 Pa.C.S. § 102.

5. Moreover, the purpose behind the acknowledgement requirement of section 1541 is not furthered by its application to Smith. The requirement of submitting an Acknowledgement Form is to ensure that the driver has notice of the suspension. *See Commonwealth v. Kane*, 460 Pa. 582, 333 A.2d 925 (1975) (holding the state did not meet its burden of proving defendant operated a motor vehicle while suspended where the only evidence of actual notice of suspension was that DOT mailed defendant the notice of suspension). Here, Smith does not argue that he did not have actual notice of each suspension. At each court appearance, the judge told Smith

In opposition to Smith's Petition, DOT argues that this case is controlled by our decisions in *Realmuto v. Department of Transportation*, 161 Pa.Cmwlth. 613, 637 A.2d 769 (1994) and *Swoyer v. Department of Transportation*, 156 Pa.Cmwlth. 1, 626 A.2d 1247 (1991), *appeal dismissed*, 533 Pa. 318, 623 A.2d 321 (1993). We disagree. In those cases, the petitioners requested that they receive credit toward their license suspensions for the periods after which their licenses had expired even though they had not submitted their licenses or an Acknowledgement Form to DOT. We rejected their arguments and held that section 1541 required that they submit either their license or an Acknowledgement Form before they received credit. Those cases are distinguishable from the present case in the most critical sense because the petitioners in *Realmuto* and *Swoyer* were drivers; their licenses had merely expired. DOT does not contend, and the record does not show, that Smith ever drove a motor vehicle.

■ We now hold that section 1541 of the Vehicle Code, 75 Pa.C.S. § 1541, does not apply to nondrivers, such as Smith.[5] Therefore, Smith should have received credit toward his suspension beginning on April 16, 1992, the date that DOT determined that Smith's license would be suspended.[6]

that his operating privilege was suspended. Indeed, it is evident that Smith knew of his suspension because Smith waited over five years and ninety days, the total time of his suspension, before applying for a learner's permit.

6. DOT does not challenge the fact that Smith's license was effectively suspended on April 16, 1992. When a person is convicted under section 6308 of the Crimes Code, 18 Pa.C.S. § 6308, the court orders the operating privileges of the person suspended and submits a copy of that order to DOT. 18 Pa.C.S. § 6310.4(a). This suspension is a collateral civil consequence of violating the criminal statute. *Commonwealth v. Duffey*, 536 Pa. 436, 639 A.2d 1174, *cert. denied*, 513 U.S. 884, 115 S.Ct. 223, 130 L.Ed.2d 149 (1994). When DOT receives the court order of suspension, it suspends the operating privileges of

For the foregoing reasons, we reverse the order of the Secretary.[7]

## ORDER

AND NOW, this 3rd day of November, 1999, the order of the Pennsylvania Department of Transportation, dated November 12, 1998, is reversed.

the offender, 75 Pa.C.S. § 1532(d), and the effective date of a suspension for a nondriver is the date imposed by DOT. 75 Pa.C.S. § 1540(b). Thus, the effective date of Smith's first suspension imposed by DOT was on April 16, 1992. (R.R. at 46a.)

7. Smith made several other arguments on appeal. First, Smith argued that he was not "suspended," but was "disqualified," and that amendments made to the Vehicle Code in 1994, which required acknowledgement forms for "disqualifications," could not be retroactively applied to Smith. Further, Smith argued that the credit provision of section 1541 of the Vehicle Code created a conflict between section 1540 of the Vehicle Code and sections 6308 and 6310.4 of the Crimes Code. Finally, Smith argued that he was denied procedural due process because DOT shares both prosecutorial and adjudicatory roles. However, because of our disposition here, we need not address these alternative arguments.